## SKINNER v. YOUNG et al.

**Mortgages:** FORECLOSURE: REDEMPTION BY JUNIOR MORTGAGEE. Mrs. B. took a second mortgage on land, for which she paid nothing, but assigned it, with the note secured thereby, to S. as security for a debt which the mortgagor was owing him. The first mortgage was foreclosed and the land sold and deeded thereunder, but neither S. nor Mrs. B. was made a party to that action. Mrs. B. afterwards died. *Held* that her heirs and administrators had no right to redeem the land from the sale without showing that Mrs. B. had paid the debt which the mortgagor owed to S., and by that means became entitled to the security which S. held for the debt.

*Appeal from Cherokee District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 22, 1890.

ACTION in equity to foreclose a mortgage, and to redeem from an execution sale under a prior mortgage. It appears without conflict that in May, 1876, R. B. Young executed to Sarah A. Fry a mortgage upon the land in question to secure payment of a note, which note and mortgage were assigned to G. P. Leonard; that on October 23, 1876, said Young and wife executed to Margaret Bell a mortgage on the same land to secure the payment of a promissory note, which note and mortgage Margaret Bell assigned to the plaintiff, Skinner, as collateral security for a debt due him from Young.

The mortgage and assignment, being properly acknowledged, were recorded November 6, 1876. At the February term, 1879, Leonard preferred his action against Young and others to foreclose the first mortgage, but did not have service of notice on Skinner or Margaret Bell. Decree was entered foreclosing said mortgage in April, 1879; and the land was sold thereunder to Leonard, to whom a sheriff's deed was executed, in April, 1880. Leonard sold the land to Hayward, who sold to Hamilton, who afterwards sold and conveyed to the defendant Henry Jones. In May, 1883, Margaret Bell died in Webster county, and in November, 1885, intervenor Lenderink was appointed administrator by the circuit court of Sioux county. Defendant Jones and his grantees made lasting and valuable improvements on the land. Lenderink, administrator, and Susie Young, wife of R. B. Young, and one of the daughters of Margaret Bell, asked foreclosure of the mortgage to Margaret Bell, with judgment in favor of her estate, and that the estate be permitted to redeem from the former execution sale. The other heirs of Mrs. Bell filed disclaimers. The further facts appear in the opinion.

*H. E. Long*, for appellants.

*Struble, Rishel & Hart*, for appellees.

GIVEN, J.—I. Our attention is first given to certain charges of a somewhat serious character made by counsel against each other, with respect to matters connected with this case. We have devoted considerable time in searching the nearly one hundred pages of transcript in respect to these charges, and fail to find any substantial ground for them. The time that has been devoted to this examination should have been given to other investigations. We dismiss these charges from further consideration with this remark: That counsel should understand that the privilege of arguing a case

affords no license for ill-founded accusations, nor for imposing personal differences upon the attention of the court.

II. The contention is between the estate of Margaret Bell and the defendant Henry Jones. H. J. Lenderink as administrator, and Susie Young as heir of Margaret Bell, deceased, claim that the note and mortgage in suit were the property of said estate, and they ask judgment and decree thereon in favor of the estate, and that they be permitted to redeem from the sale under which Jones holds. Jones and other defendants deny that said note and mortgage are the property of said estate. We have seen that Mrs. Bell gave no consideration for the note and mortgage when it was executed to her, and that she assigned the same to Skinner as security for a debt owing to him by R. B. Young. If Mrs. Bell paid that debt to Skinner, then the note and mortgage became her property. Jones alleged in his answer, as a reason why Skinner was not made a party to the foreclosure of the first mortgage, that he had been fully paid. Appellants, accepting these statements as true, claim that if Skinner was paid, then the note and mortgage became the property of Mrs. Bell. That would depend upon whether it was Mrs. Bell who paid Skinner. If Young paid his own debt, Mrs. Bell acquired no property in the note and mortgage. We are entirely convinced from the relations of Mrs. Bell to this note and mortgage, and from uncontroverted testimony, that she did not pay the debt to Skinner, nor any part thereof. It is estimated beyond question that, from the time of the execution of this note and mortgage to the time of her death, she had not the means with which to pay the same, or any considerable part thereof, but, on the contrary, had not sufficient for her own support. While we are not clear as to whether the debt has ever been paid, we are entirely satisfied that it was not paid by Mrs. Bell. Appellants contend that, though the debt of Young to Skinner has not been paid, yet the administrator of Mrs. Bell may maintain

this action to redeem, as such redemption would inure to the benefit of her heirs and the assignee of the junior mortgage. We fail to discern any interest that the estate can have in this note and mortgage, unless it was acquired by payment of the debt to Skinner. It follows from these conclusions that appellants are not entitled to the relief demanded by them ; and, as this fully disposes of the case, we need not notice the other questions discussed. The judgment and decree of the district court are　　　　　　　　　　AFFIRMED.